UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH THURURA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | NO. 2:22-CV-0037-TOR<br><br>ORDER ON MOTIONS TO DISMISS, STAY DISCOVERY, AMEND COMPLAINT, APPOINT COUNSEL, AND CEASE AND DESIST INTERROGATIONS |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 4) and Motion to Stay Discovery (ECF No. 11), and Plaintiffs' Motion to Amend Complaint (ECF No. 12), Motion for Order to Appoint Counsel (ECF No. 18), and Motion for Order to Cease and Desist Interrogations (ECF No. 26). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 4) is **DENIED as moot**, Defendants' Motion to Stay Discovery (ECF No. 11) is **DENIED**, Plaintiffs' Motion to Amend Complaint (ECF No. 12) is **GRANTED**,

ORDER ON MOTIONS TO DISMISS, STAY DISCOVERY, AMEND COMPLAINT, APPOINT COUNSEL, AND CEASE AND DESIST INTERROGATIONS ~ 1

Plaintiffs' Motion for Order to Appoint Counsel (ECF No. 18) is **DENIED**, and Plaintiffs' Motion for Order to Cease and Desist Interrogations (ECF No. 26) is **DENIED**.

## BACKGROUND

This matter concerns Plaintiffs' confinement and treatment at the Airway Heights Corrections Center during the COVID-19 pandemic. Plaintiffs, proceeding *pro se*, filed a Complaint in Thurston County Superior Court, which was removed to this Court by Defendants on March 4, 2022. ECF No. 1. Plaintiffs allege Defendants violated their constitutional rights by confining Plaintiffs to cells where they could not be adequately treated, tested, or protected from COVID-19; by failing to protect Plaintiffs from the use of pepper spray while certain Plaintiffs were infected with COVID-19; by failing to protect Plaintiffs from other COVID-19 infected inmates who were transferred around the correctional facility; and by allowing COVID-19 infected employees and inmates into Plaintiffs' cells. ECF No. 1-3 at 26–27, ¶¶ 199, 204–08. Plaintiffs further allege Defendants negligently responded to the COVID-19 pandemic, causing Plaintiffs to suffer pain and suffering, mental and emotional injury, and a loss of taste and smell. *Id*. at 26, ¶¶ 200–03. Finally, Plaintiffs allege Defendants breached a duty to Plaintiffs by failing to protect them from the COVID-19 virus. *Id*. at 27, ¶¶ 209–11.

# DISCUSSION

## I. Motion to Dismiss

Defendants filed a Motion to Dismiss on March 10, 2022. ECF No. 4. In lieu of responding, Plaintiffs timely filed a First Amended Complaint. ECF No. 7. Consequently, the First Amended Complaint is now the operative complaint and Defendants' Motion to Dismiss is moot and denied accordingly. Fed. R. Civ. P. 15(a); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## II. Motion to Stay Discovery

Defendants filed a Motion to Stay Discovery on March 29, 2022, premised on the pending Motion to Dismiss. ECF No. 11 at 3. Because the Motion to Dismiss is denied as moot, the Motion to Stay Discovery is unwarranted. Defendants do not advance any additional arguments as to why a stay is necessary. Therefore, the motion is denied.

## III. Motion to Amend Complaint

Plaintiffs filed a Motion to Amend Complaint on March 31, 2022 after they filed a First Amended Complaint on March 24, 2022. ECF No. 12. Defendants do not oppose the motion. ECF No. 30.

Federal Rule of Civil Procedure 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . .

when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).  In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted).

     Here, the Court finds amendment is permissible.  Defendants do not oppose Plaintiffs' request to amend, and the Court finds there is no indication that Plaintiffs move to amend in bad faith, nor that amendment would be futile.  Finally, at this early stage in the proceedings, the Court finds neither undue delay nor that Defendants would be prejudiced by the requested amendment.  The motion is granted.  The Court accepts the operative First Amended Complaint which appears at ECF No. 7 (duplicated at ECF No. 12-1).

### IV. Motion to Appoint Counsel

     Plaintiffs filed a Motion to Appoint Counsel on April 5, 2022.  ECF No. 18.

Plaintiffs argue appointment of counsel is necessary due to their limited access to the law library in the corrections facility and because none of the attorneys they contacted have responded to their requests for representation. ECF No. 18. Defendants argue Plaintiffs have not demonstrated they meet the criteria for court-appointed counsel. ECF No. 31 at 2.

Generally, a person has no right to counsel in civil actions. However, the court has discretion to request counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court may only request attorneys to represent impoverished litigants, rather than command them to take cases, and there is no compensation available for them. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989); *id*. at n.3. "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 570 (internal quotations and citation omitted).

This case concerns Plaintiffs' allegations of constitutional violations and negligence relating to the circumstances of their confinement at Airway Heights Corrections Center during the COVID-19 pandemic. ECF No. 7. These claims are not particularly legally complex, and Plaintiffs have already demonstrated their

ORDER ON MOTIONS TO DISMISS, STAY DISCOVERY, AMEND COMPLAINT, APPOINT COUNSEL, AND CEASE AND DESIST INTERROGATIONS ~ 5

ability to articulate their claims by filing an Amended Complaint that clearly describes the factual circumstances, legal claims, and relief sought in this case. *Id*. Additionally, Plaintiffs Thurura and Abrams appear to have previous experience litigating matters against the Department of Corrections. *See* ECF No. 31 at 3–4. At this stage in the proceedings, it is too early to determine Plaintiffs' likelihood of success on the merits. Thus, Plaintiffs have not demonstrated that exceptional circumstances justify appointment of counsel at this time. The motion is denied.

### V.    Motion for Order to Cease and Desist Interrogations

Plaintiffs filed a motion seeking a court order "to cease and desist any further interrogations by Defendants" relating to issues alleged in the operative complaint. ECF No. 26. Plaintiffs do not cite any legal authority to support their motion. Therefore, the Court construes Plaintiffs' motion as a request for preliminary injunction.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiffs have not demonstrated they are likely to succeed on the merits of their claims. Therefore, Plaintiffs' construed request for a preliminary injunction is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 4) is **DENIED as moot**.

2. Defendants' Motion to Stay Discovery (ECF No. 11) is **DENIED**.

3. Plaintiffs' Motion to Amend Complaint (ECF No. 12) is **GRANTED**. The operative First Amended Complaint is accepted and appears at ECF No. 7 (duplicated at ECF No. 12-1).

4. Plaintiffs' Motion for Order to Appoint Counsel (ECF No. 18) is **DENIED**.

5. Plaintiffs' Motion for Order to Cease and Desist Interrogations (ECF No. 26) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED April 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS TO DISMISS, STAY DISCOVERY, AMEND COMPLAINT, APPOINT COUNSEL, AND CEASE AND DESIST INTERROGATIONS ~ 7